UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Megan K. Lamm, *et al*. | ) | CASE NO. 5:22 CV 1961 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Judge Rosemarie A. Hall, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**Background**

*Pro se* Plaintiff Megan Lamm has filed an *in forma pauperis* civil rights complaint in this case purportedly on behalf of herself and her child Haley M. Lamm. (Doc. No. 1.)

In her complaint, she indicates she asserts constitutional rights violations under the Fourteenth and Sixth Amendments (*see id.* at 4, ¶II.B)), but her lengthy statement of claim (*id*. at 12-30) is rambling and unclear and does not set forth cogent allegations relating to such claims. She indicates her case pertains to domestic relations proceedings relating to her and her children in Stark County. As best as the Court can discern, she contends that one or more of her children has been wrongfully taken from her custody in state proceedings, and/or were placed in unsafe custody, and that she has been wrongfully ordered to pay child support. She sues

multiple Defendants, all of whom had some role in, or connection to, state-court domestic relations or child custody proceedings in Stark County. She sues: Stark County Court of Common Pleas Domestic Relations Judge Rosemarie Hall, Fifth District Court of Appeals Judges John Wise, William Hoffman, and Craig Baldwin, Guardian ad Litem Nikki L. Reed, attorney Susan J. Lax, Stark County CPS and CPS social worker Brian Lucas, psychologist Patricia Millsap-Linger, PhD, and other individuals.

The only relief Plaintiff seeks is for the "court [to] set up a speedy hearing to declare that [her] constitutional rights have been violated by the defendants" in connection with state-court proceedings. (*Id*. at 6, ¶V.)

With her complaint, Plaintiff has filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted. For the reasons stated below, her complaint is dismissed.

## Standard of Review and Discussion

*Pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). But *pro se* plaintiffs must still meet basic pleading requirements, and federal courts are not required to conjure allegations on their behalf or construct claims for them. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are expressly required to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To survive dismissal for failure to state a claim, a complaint must set forth

sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). .

In addition, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3). A "district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Upon review, the Court finds that Plaintiff's complaint must be dismissed.

First, the allegations in Plaintiff's pleading are so unclear, vague, and conclusory that they fail to meet basic pleading requirements necessary to establish this Court's subject-matter jurisdiction over a plausible federal claim in the case. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).[1]

Further, federal courts generally lack jurisdiction over domestic relations matters. *Danforth v. Celebrezze*, 76 Fed. Appx. 615, 616 (6th Cir. 2003). "Rather, state courts have exclusive jurisdiction over these matters." *Id*. "Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones

---

[1]The complaint also fails to state a plausible claim to the extent Plaintiff purports to assert any claim on behalf of her child because an individual may not appear *pro se* in federal court on behalf of any one other than herself. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003).

3

. . . , federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Id*. While unclear as to specifics, the core concern of Plaintiff's complaint is domestic relations issues over which federal courts lack jurisdiction.

Finally, the *Rooker-Feldman* doctrine precludes federal courts from exercising jurisdiction over actions that in substance seek appellate review of state-court judgments, even if the plaintiff claims that a state-court judgment violates federal rights. *Dakota v. Brown*, No. 3:12 CV 2110, 2012 WL 5378733, at *5 (N.D. Ohio Oct. 31, 2012), citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). Under the doctrine, federal courts lack jurisdiction to determine the validity of state-court judgments, as well as federal claims "inextricably intertwined" with state court decisions. *See Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-510 (6th Cir. 2000). A party raising a challenge to a state court judgment or decision must do so through the state appellate system and then directly to the United States Supreme Court. *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

Plaintiff's complaint is barred by *Rooker Feldman* to the extent she is seeking to challenge the validity of, or overturn state-court judgments. *See, e.g., Sefa v. Kentucky*, 510 F. App'x 435, 437-38 (6th Cir. 2013) ("to the extent [plaintiff] seeks a declaration that the state's child-custody determination was unlawful, an injunction for the minor children's release, and monetary damages arising from the child-custody decision, these claims constitute collateral attacks on the state court judgments terminating . . . parental rights and [were] properly excluded from consideration by the [district] court") (internal quotation marks and citation omitted).

**Conclusion**

For all of the foregoing reasons, Plaintiff's complaint is dismissed. The Court further certifies, pursuant 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: February 2, 2023                 /s/ John R. Adams
                                       JOHN R. ADAMS
                                       UNITED STATES DISTRICT JUDGE